UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS RIVERA

            Plaintiff,

-against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER ID#943907,
"JOHN DOE(S), EACH SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

            Defendants.

(Proposed)
AMEND
VERIFIED
COMPLAINT AND
DEMAND FOR
A JURY TRIAL

16-CV-9709
(GHW)

---

1. This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful act of defendants.

## JURISDICTION

2. This action is brought pursuant 42 USC. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343 Venue is proper under 28 U.S.C. § 139(b) in that all claims arose in this district.

3. Plaintiff is a resident of New York City, New York County, State of New York.

4. At all times hereinafter mentioned, the Defendant Police Officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D" acting within the scope and authority of his employment. They are sued individually and in their official capacity as New York City Police Officer.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City") was a municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York, and as such maintained The New York City Police Department and employed each Individual Defendant sued herein.

6. Upon Information and belief the City was responsible for the Training of its Police officer and the D.A. (District Attorey).

7. That at all times herein the City was negligent in the hiring, Training, Supervision, discipline, retention and Promotion of the agents and employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, know or should have known of discriminatory nature, bad Judgment, and unlawful propensities of the officers involved in the violation of civil rights, assault, lies to the grand Jury and malicious prosecution of the Plaintiff.

## FACTS

9. On or about July 11, 2012, at approximately 1:50 pm Plaintiff was in N.Y.C., Manhattan County and was walking down East 127 street by himself, when he was approach by the N.Y.P.D. under cover officer and Thrown against the wall, hand cuffed and search without any Probable Cause of me participating in any criminal acts, and found anything on me. I was then taken to the Police Department 25 PC, and Stripped (undress) and searched again and was found with two (2) bags of Narcotic drug and proceeded to charge me with, Criminal Sale Controll Substance Sub-3 Narcotic drug Intent to Sell; PL 220.16 Class B Felony in the 3 Degree and Criminal Sale

(2)

Controlled Substance - 3rd: Narcotic Drug PL 220.39 Class B Felony, and was taken to Criminal Court Case # 2012NY053840, and was charged with C.P.C.S. PL 220.16 and PL 220.39, both B felonys.

10. And was held for 18 months in (A.M.C.K.-C95) Riker's Island, with a bail I couldn't make. Because the police officer I.D.# 943907 lie to the grand Jury and the D.A. (District Attorey)

11. This case was a class "A" Misdemenor from the beginning; Not a Felony charge with the intent to cause me harm for 18 months, and I had to fight the Court and the D.A. with the offer of (8 years.) When I went to my hearing, the Judge offer me 6 years before Trial and was told that if I don't take the 6 years, he was going to give me the max he could give my by Law, and was Trying to scare me into Taking the 6 years.

12. Before trial, the D.A. asked the trial Judge if he could Include the charge of "Criminal Possesion of Controlled Substance in the 7th Degree. Because she new she wasn't going to get a conviction with the Two Felony Counts

13. On December 16, 2013, I was convicted upon Verdict afther Jury Trial of Criminal Possesion Controlled Substance in the 7th Degree, A Class "A-Misdemenor" and acquitted on the two Class B Felonys. I was sentenced to time served 12 months in which you do on Rikers Island 8 months. So I did 10 months over my time because the office lie to the Grand Jury, and the (D.A) didn't listen to me for 18 months.

14. I did 18 months because of falls statements to the Grand Jury by this officer and Violated the Plaintiff's constitutional right

(3)

15. Plaintiff suffered extreme and protracted pain and mental anguish and was assault by other Inmate, and didn't say anything because Plaintiff was afraid to be called a "rat" in Jail

16. As a result of this Incarceration, plaintiff was assaulted and violation of his civil rights. Plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and physical injuries

17. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of person in it domain, Including the plaintiff, in it's procedures for supervising and removing when appropriate, unstable and violent police officer from their duties, Including but not limited to the fact that Defendants City and or N.Y.P.D. Knew of the individual Defendants tendencies to make unlawful use of excessive force, and otherwise commit unlawful act, but took no steps to correct or prevent the exercise of such tendencies.

18. Defendants City and N.Y.P.D. Knew or should have know that prior to the above-referenced date, the perpetration of unlawful acts, and the use of excessive force and the infliction of Injury to persons in the custody of Defendants officer was occurring, but failed to take appropriate steps to eliminate such unlawful acts.

19. Defendants City and N.Y.P.D. among other deficiencies, Faild to institute a bona fide procedure in which Defendant City investigated the unlawful acts of Defendant officer or properly investigated reports of their alleged misconduct.

FOR A FIRST CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

(4)

20. Plaintiff reiterates and realleges the facts stated in Paragraphs 1-19 as if stated fully herein.

21. As a result of their action, Defendants, action under "Color of Law", deprived Plaintiff of his Liberty without due process of Law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C § 1983.

22. Defendants subjected Plaintiff to these deprivations of his rights either by maliciously or by acting with a reckless disregard for whether Plaintiff rights would be violated by his actions knowing that by fabricating his statements and arresting Plaintiff (without probable cause on July 11, 2012.)

23. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

FOR A SECOND CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

24. Plaintiff reiterates and realleges the facts state in Paragraphs 1-23 as if stated fully herein.

25. As a result of their action, Defendants, acting under "Color of Law", deprived Plaintiff of his right to Freedom from use of excessive force without due process of Law in violation of the Fourth, Fifth and Fourteenth Amendments to Constitution of the United State and 42 U.S.C. § 1983.

26. Defendants subjected Plaintiff to these deprivations of his right either maliciously or by acting with a reckless disregard for whether Plaintiff rights would be violated by his action.

(5)

27. As a result of the aforesaid occurrence, plaintiff suffered the damages and Injuries aforesaid. All Defendants are Liable for said damage and Injuries.

## FOR A THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

28. Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

29. Defendant City, through N.Y.C Police Commissioner, as a Municipal Policymaker, in the hiring, Training and Supervision of its employees, has pursued a policy and custom of deliberate indifference to the rights of Persons in it's domain, Violating plaintiff right to be free from the use of excessive force and being arrested without any Probable Cause, and from deprivation of Liberty without due process of Law in Violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United State and 42 U.S.C § 1983.

30. As a direct and proximate result of the aforementioned policy and custom of deliberate Indifference of Defendants are Liable for Plaintiff Injuries.

### Prayer for Relief

WHEREFORE, plaintiff prays that this court:

1. Enter a Judgment that Defendants, by their actions, Violated plaintiff rights under state law, and Violated plaintiff rights under the Fourth, Fifth and Fourteenth Amendents to the Constitution of the United States and Violated Plaintiff rights under state Law, and

2. Enter a Judgment, Jointly and severally, against Defendants officers, and the City of New York for compensatory damages in the amount of one Million ($1,000,000.00) Dollars; and

3. Enter a Judgment, Jointly and severally against Defendant officers, and the City of New York, For punitive damages in the amount of one Million ($1,000,000.00) Dollars; and

4. Enter an order:

a) Awarding plaintiffs reasonable attorney's fees and Litigation expenses pursuant to 42 U.S.C. § 1983

b) Granting such other and further relief which to the seems Just and proper.

<u>Demand For Jury Trial</u>

Plaintiffs hereby demand a trial by Jury.

Dated: New York, New York

February 12, 2018

Respectfully,

<u>Carlos Rivera</u>
Carlos Rivera Pro SE
16-R-0143
Upstate Corr Fac
PO Box 2001
Malone, New York 12953

(2)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CARLOS RIVERA

            Plaintiff,

-against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER ID#943907
"JOHN DOE(S), EACH SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY

            Defendants.
_____

VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

16-CV-9709 (GHW)

1. This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful act of defendants.

## JURISDICTION

2. This action is brought pursuant 42 USC. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343 Venue is proper under 28 U.S.C. § 139(b) in that all claims arose in this district.

3. Plaintiff is a resident of New York City, New York County, State of New York.

4. At all times hereinafter mentioned, the Defendant Police Officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D") acting within the scope and authority of his employment. They are sued Individually and in their official capacity as New York City Police Officer.

5. The Defendant City of New York, (HEREINAFTER REFERRED TO AS "City") was a municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York, and as such maintained The New York City Police Department and employed each Individual Defendant sued herein.

6. Upon Information and belief the City was responsible for the Training of its Police officer and the D.A. (District Attorey).

7. That at all times herein the City was negligent in the hiring, Training, supervision, discipline, retention and Promotion of the agents and employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, know or should have known of discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the Violation of civil rights, assault, lies to the grand Jury and malicious prosecution of the Plaintiff.

## FACTS

9. On or about July 11, 2012, at approximately 1:50 pm Plaintiff was in N.Y.C., Manhattan County and was walking down East 127 street by himself, when he was approach by the N.Y.P.D. under cover officer and Thrown against the wall, hand cuffed and search without any Probable cause of me participating in any criminal acts, and found anything on me. I was then taken to the Police Department 25 PC. and stripped (undress) and searched again and was found with two (2) bags of Narcotic drug and proceeded to charge me with, Criminal Sale Controll Substance Sub-3 Narcotic drug Intent to sell: PL 220.16 Class B Felony in the 3 Degree and Criminal Sale

(2)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CARLOS RIVERA

      Plaintiff,

 -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER ID#943907
"John DOE(S), EACH SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY

      Defendants.

VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

16-CV-9709 (GHW)

_____

1. This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful act of defendants.

## JURISDICTION

2. This action is brought pursuant 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343 Venue is proper under 28 U.S.C. § 139(b) in that all claims arose in this district.

3. Plaintiff is a resident of New York City, New York County, State of New York.

4. At all times hereinafter mentioned, the Defendant Police Officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D" acting within the scope and authority of his employment. They are sued individually and in their official capacity as New York City Police Officer.

5. The Defendant City of New York, (HEREINAFTER REFERRED TO AS "City") was a municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York, and as such maintained The New York City Police Department and employed each Individual Defendant sued herein.

6. Upon Information and belief the City was responsible for the Training of its Police Officer and the D.A. (District Attorey).

7. That at all times herein the City was negligent in the hiring, Training, Supervision, discipline, retention and Promotion of the agents and employees of the N.Y.P.D.

8. That at all times Mentioned herein the Defendant, City, Know or Should have Known of discriminatory Nature, bad Judgment and unlawful Propensities of the officers Involved in the Violation of Civil rights, assault, lies to the grand Jury and Malicious prosecution of the Plaintiff.

## FACTS

9. On or about July 11, 2012, at approximately 1:50 pm Plaintiff was in N.Y.C., Manhattan County and was Walking down East 127 street by himself, when he was approach by the N.Y.P.D. under Cover officer and Thrown against the wall, hand Cuffed and search without any Probable Cause of me Participating in any Criminal acts, and found anything on me. I was then taken to the Police Department 25 PC, and Stripped (undress) and Searched again and was Found with two (2) bags of Narcotic drug and proceeded to Charge me with, Criminal Sale Controll Substance Sub-3 Narcotic drug Intent to Sell; PL 220.16 Class B Felony in the 3 Degree and Criminal Sale

(2)

Controlled Substance - 3rd; Narcotic Drug PL 220.39 Class B Felony, and was taken to Criminal Court Case # 2012NY053840, and was charged with C.P.C.S. PL 220.16 and PL 220.39, both B felonys

10. And was held for 18 months in (A.M.C.K.-C95) Riker's Island, with a bail I couldn't make. Because the police officer I.D.# 943907 Lie to the grand Jury and the D.A. (District Attorey)

11. This Case was a Class "A" Misdemenor From the beginning; Not a Felony Charge with the intent to cause me harm For 18 months, and I had to fight the Court and the D.A. with the offer of (8 years.) When I went to my hearing, the Judge offer me 6 years before Trial and was told that if I don't take the 6 years, he was going to give me the max he could give my by Law, and was Trying to scare me into Taking the 6 years.

12. Before trial, the D.A. asked the trial Judge if he Could Include the charge of "Criminal Possesion of Controlled Substance in the 7th Degree. Because she New she wasn't going to get a conviction with the two felony counts

13. On December 16, 2013, I was convicted upon Verdict afther Jury Trial of Criminal Possesion Controlled Substance in the 7th Degree, A Class "A-Misdemenor" and acquitted on the two Class B Felonys. I was sentenced to time served 12 months in which you do on Rikers Island 8 months. So I did 10 months over my time because the office lie to the Grand Jury, and the (D.A) didn't Listen to me for 18 months.

14. I did 18 months because of falls statements to the Grand Jury by this officer and Violated the Plaintiff's constitutional right

(3)

15. Plaintiff suffered extreme and protracted pain and mental anguish and was assault by other Inmate, and didn't say anything because Plaintiff was afraid to be called a "rat" in Jail

16. As a result of this incarceration, plaintiff was assaulted and violation of his civil rights. Plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and physical injuries

17. Defendant City of New York has pursued a Policy and custom of deliberate indifference to the rights of person in it domain, Including the plaintiff, in it's procedures for supervising and removing when appropriate, unstable and violent police officer from their duties, Including but not limited to the fact that Defendants City and or N.Y.P.D. knew of the individual Defendants tendencies to make unlawful use of excessive force, and otherwise commit unlawful act, but took no steps to correct or prevent the exercise of such tendencies.

18. Defendants City and N.Y.P.D. knew or should have know that prior to the above-referenced date, the perpetration of unlawful acts, and the use of excessive force and the infliction of Injury to persons in the custody of Defendants officer was occurring, but failed to take appropriate steps to eliminate such unlawful acts.

19. Defendants City and N.Y.P.D. among other deficiencies, Faild to institute a bona fide procedure in which Defendant City investigated the unlawful acts of Defendant officer or properly investigated reports of their alleged misconduct.

FOR A FIRST CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

(4)

20. Plaintiff reiterates and realleges the facts stated in paragraphs 1-19 as if stated fully herein.

21. As a result of their action, Defendants, acting under "Color of Law", deprived Plaintiff of his Liberty without due process of Law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 USC § 1983.

22. Defendants subjected Plaintiff to these deprivations of his rights either by maliciously or by acting with a reckless disregard for whether Plaintiff rights would be violated by his actions knowing that by fabricating his statements and arresting Plaintiff (without probable cause on July 11, 2012.)

23. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## FOR A SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

24. Plaintiff reiterates and realleges the facts state in paragraphs 1-23 as if stated fully herein.

25. As a result of their action, Defendants, acting under "Color of Law", deprived Plaintiff of his right to Freedom from use of excessive force without due process of Law in violation of the Fourth, Fifth and Fourteenth Amendments to Constitution of the United State and 42 U.S.C. § 1983.

26. Defendants subjected Plaintiff to these deprivations of his right either maliciously or by acting with a reckless disregard for whether plaintiff rights would be violated by his action.

(5)

27. As a result of the aforesaid occurrence, plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

### FOR A THIRD CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS

28. Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

29. Defendant city, through N.Y.C Police Commissioner, as a Municipal Policymaker, in the hiring, Training and supervision of its employees, has pursued a policy and custom of deliberate indifference to the rights of persons in it's domain, violating plaintiff right to be Free from the use of excessive force and being arrested without any Probable Cause, and from deprivation of Liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the constitution of the United State and 42 USC § 1983.

30. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants are liable for plaintiff injuries.

### Prayer for Relief

WHEREFORE, plaintiff prays that this court:

1. Enter a Judgment that Defendants, by their actions, violated plaintiff rights under state law, and violated plaintiff rights under the Fourth, Fifth and Fourteenth Amendents to the constitution of the United States and violated plaintiff rights under state law, and

(6)

2. Enter a Judgment, jointly and severally, against Defendants officers, and the City of New York for compensatory damages in the amount of one Million ($1,000,000.00) Dollars; and

3. Enter a Judgment, jointly and severally against Defendant officers, and the City of New York, for punitive damages in the amount of one Million ($1,000,000.00) Dollars; and

4. Enter an order:

a) Awarding plaintiffs reasonable attorneys fees and litigation expenses pursuant to 42 U.S.C. § 1983

b) Granting such other and further relief which to the seems just and proper.

<u>Demand For Jury Trial</u>

Plaintiffs hereby demand a trial by Jury.

Dated: New York, New York

February 12, 2018

Respectfully,

<u>Carlos Rivera</u>
Carlos Rivera Pro SE
16-R-0143
Upstate Corr fac
PO Box 2001
Malone, New York 12953

(2)

**UPSTATE CORRECTIONAL FACILITY**
P.O. BOX 2001
MALONE, NEW YORK 12953
NAME: Carlos Rivera    DIN: 16 R 0443

02/15/2018
US POSTAGE $001.63
ZIP 12953
041L11251145

Upstate
Correctional Facility

USM
SDNY
P3

Pro Se Clerk
Att: Judge Gregory H. Woods
Southern District Courthouse
500 Pearl Street
New York, NY 10007

♻ Printed on Recycled Paper

**DEPARTMENT OF CORRECTIONS AND COMMUNITY**
**OFFENDER CORRESPONDENCE PROGRAM**
NAME: Rivera    DIN: 16 R 0443