USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 17, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
  CARLOS RIVERA,                                               :
                                                               :
                                      Plaintiff,               :    1:16-cv-9709-GHW
                                                               :
                  -v -                                         :    MEMORANDUM OPINION
                                                               :    AND ORDER
  THE CITY OF NEW YORK; SERGEANT                               :
  MILTON VALERIO, ID #943907; JOHN                             :
  DOE(S), each sued individually and in his official           :
  capacity,                                                    :
                                                               :
                                      Defendants.              :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      Carlos Rivera alleges that in July 2012 an undercover police officer threw him against a wall, searched him, and arrested him while he was walking down East 127th Street in Manhattan.  The police officer took Mr. Rivera to the precinct and, after conducting a strip search, discovered that he possessed narcotics.  The police charged Mr. Rivera with two felony offenses.  Following trial, Mr. Rivera was acquitted of the felony charges, but was convicted of a misdemeanor offense.

      Mr. Rivera, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging, among other things, that the defendants falsely arrested him, used excessive force during his arrest, maliciously prosecuted him, and denied his right to a fair trial by lying to the grand jury and district attorney.  Because the addition of a misdemeanor offense after Mr. Rivera's arraignment, but before his trial, does not toll the statute of limitations for his claims, the Court grants the defendants' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

I.  **BACKGROUND**[1]

On the afternoon of July 11, 2012, Carlos Rivera ("Rivera" or "Plaintiff") was walking down East 127th Street in Manhattan when an undercover police officer allegedly approached him, threw him against a wall, handcuffed him, and searched him. Am. Compl. (ECF No. 45), ¶ 9. The undercover police officer was defendant Sergeant Milton Valerio ("Valerio"). Pl.'s Opp'n (ECF No. 49), at 2-4. Prior to the arrest, Valerio witnessed Rivera shaking hands with another man on the street; Valerio arrested Rivera, but he neither stopped nor searched the other man. *Id.* at 2. Valerio took Rivera to the 25th Precinct and conducted a strip search, which uncovered two bags of narcotics. Am. Compl. ¶ 9.

Rivera was charged with two felonies: criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. *Id.; see also* Defs.'s Mem. of Law in Support of Motion to Dismiss ("Defs.'s Mem.") (ECF No. 41), at 2. He contends that both charges were based on false statements that Valerio made to the grand jury and district attorney. Am. Compl. ¶ 10. Rivera served eighteen months in Rikers Island while awaiting trial. *Id.* ¶¶ 10, 14.

Prior to Rivera's trial, the district attorney added criminal possession of a controlled substance in the seventh degree—a misdemeanor offense—to his charges. *Id.* ¶ 12. On December 16, 2013, following a trial in New York state court, a jury acquitted Rivera of both felony counts, but

---

[1] Unless otherwise noted, the facts are taken from the Amended Complaint or Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings and are accepted as true for the purposes of this motion. *See, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."). When deciding a motion for judgment on the pleadings under Rule 12(c), a court employs the same standards as those used when deciding a motion to dismiss under Rule 12(b)(6). *See, e.g., Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

convicted him on the misdemeanor offense. *Id.* ¶ 13. He was sentenced to time served, which, at that point, was approximately twelve months.[2]

## II.    PROCEDURAL HISTORY

Rivera filed his initial complaint against Valerio and the City of New York (the "City") on December 15, 2016, ECF No. 2, which he amended on March 28, 2018. ECF No. 45. He brings claims under 42 U.S.C. § 1983, alleging that Valerio and the City (collectively "Defendants") violated his rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments by subjecting him to false arrest, excessive force, unlawful search, malicious prosecution, and by denying him his right to a fair trial. ECF No. 38-1 at ¶¶ 20-30. Rivera further asserts a municipal liability claim against the City, alleging that it maintains a policy and custom of deliberate indifference to the rights of individuals to be free from the use of excessive force and false arrest. *Id.* at ¶¶ 28-30.

On March 9, 2018, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 39. Rivera submitted his opposition to Defendants' motion on May 23, 2018. ECF No. 49. Defendants filed their reply on June 7, 2018, Dkt. No. 52, and Rivera submitted a sur-reply on June 29, 2018. ECF No. 54.[3]

---

[2] Rivera claims that this sentence would have required him to spend the first eight months incarcerated on Rikers Island. Am. Compl. ¶ 13. He notes that he spent eighteen months on Rikers Island because he could not make bail. *Id.* ¶¶ 10, 13. Rivera therefore claims that he ended up spending ten months longer on Rikers Island than his sentence required. Am. Compl. ¶ 13.

[3] Defendants filed a motion to strike Rivera's sur-reply on July 9, 2018. ECF No. 56. Motions to strike are disfavored and should be granted only if "there is a strong reason to do so." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001). Further, courts "have broad discretion to consider arguments in a sur-reply." *American S.S. Owners Mut. Protection and Indem. Ass'n, Inc. v. American Boat Co., LLC*, No. 11 CIV 6804 PAE, 2012 WL 32352, at *1 (S.D.N.Y. Jan. 6, 2012) (quoting *Newton v. City of New York*, 738 F. Supp. 2d 397, 417 n. 11 (S.D.N.Y. 2010)). Therefore, although Rivera's sur-reply was filed without leave of court, the Court will consider his sur-reply "out of solicitude for his status as a *pro se* litigant . . . and to 'permit comprehensive adjudication of the issues raised.'" *Moreno-Godoy v. Gallet Dreyer & Berkey, LLP*, No. 14-cv-7082 (PAE), 2015 WL 5737565, at *10 (S.D.N.Y. Sept. 30, 2015) (quoting *Correspondent Servs. Corp. v. JVW Inv. Ltd.*, No. 99-cv-8934 (RWS), 2004 WL 2181087, at *7 (S.D.N.Y. Sept. 29, 2004)).

## III. LEGAL STANDARD

### A. Motion on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When deciding a motion for judgment on the pleadings under Rule 12(c), a court employs the same standards as those used when deciding a motion to dismiss under Rule 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Therefore, a court "will accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." *Id.* (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be plausible, the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* A complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). When deciding a motion for judgment on the pleadings, "the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

Because Rivera is proceeding *pro se*, the Court must construe his submissions liberally and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro*

4

*se*, it must be construed liberally to raise the strongest arguments it suggests.") (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).  This mandate "applies with particular force when a plaintiff's civil rights are at issue." *Bell v. Jendell*, 980 F. Supp. 2d 555, 558 (S.D.N.Y. 2013) (quoting *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)).  However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Id.* at 559 (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.") (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

### B. Statute of Limitations for 1983 Claims

Section 1983 "provides a cause of action to individuals who have been deprived by government officials acting under color of law 'of any rights, privileges, or immunities secured by the Constitution.'" *Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002) (quoting 42 U.S.C § 1983). Section 1983 does not have its own statute of limitations; accordingly, "courts apply the statute of limitations for personal injury actions under state law." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  Therefore, referring to New York state law, actions brought under § 1983 are held to a three-year statute of limitations. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002).

### C. *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages under 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

5

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). An incarcerated litigant in these circumstances "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489; *see also id.* at 489–90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

*Heck* only applies, however, in situations where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Heck*, 512 U.S. at 482. "[I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," the favorable termination requirement does not apply and the plaintiff need not demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Hardy v. Fischer*, 701 F. Supp. 2d 614, 620 (S.D.N.Y. 2010) (quoting *Heck*, 512 U.S. at 487).

## IV. DISCUSSION

### A. Rivera's Excessive Force and Unlawful Search Claims are Untimely

As explained above, the statute of limitations for claims brought in New York under 42 U.S.C. § 1983 is three years. *See Pearl*, 296 F.3d at 79; *see also* N.Y. C.P.L.R. § 214(5). For § 1983 claims, "accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan*, 738 F.3d at 518 (internal quotation marks and citation omitted). Accordingly, Rivera's unlawful search claim accrued on the date that the allegedly unlawful search occurred—July 11, 2012. *See McClanahan v. Kelly*, No. 12-cv-5326 (PGG), 2014 WL 1317612, at *4 (S.D.N.Y. Mar. 31, 2014) ("An unlawful search claim accrues at the time of the search.") (internal citation omitted); *see also Forbes v. City of New York*, No. 15-cv-3458 (GHW), 2016 WL 6269602

(S.D.N.Y. Oct. 26, 2016). Rivera's excessive force claim accrued on the same day—when the allegedly excessive force was used. *See Fairley v. Collins*, No. 09-cv-6894-PGG, 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011) ("[A]n excessive force claim accrues when the use of force occurred.") (internal quotation marks and citation omitted).

Accordingly, the statute of limitations for Rivera's excessive force and unlawful search claims expired on July 11, 2015, three years after his July 11, 2012 arrest during which Valerio allegedly used excessive force and unlawfully searched him. Because Rivera did not file this action until December 16, 2016, his excessive force and unlawful search claims were filed after the statute of limitations expired.

### B. Rivera's False Arrest Claim is Untimely and Fails as a Matter of Law

In his complaint, Rivera contends that Valerio arrested him "on or about July 11, 2012." Am. Compl. at 2. He was arraigned on July 12, 2012. ECF No. 49 at 5. As explained above, Rivera alleges that the prosecutor in his underlying criminal trial charged him with an additional, misdemeanor offense in December 2013—after his arraignment and before his trial. *See* ECF No. 38-1 at ¶ 12; Pl.'s Sur-Reply (ECF No. 54) at 2. Defendants argue that Rivera's false arrest claim should be dismissed as untimely.

"In order to sustain a claim for false arrest under 42 U.S.C. § 1983 . . . a plaintiff must show that 'the defendant intentionally confined him without his consent and without justification.'" *Dufort v. City of New York*, 874 F.3d 338, 348 (2d Cir. 2017) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Where, as here, a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment is followed by criminal proceedings, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Detention pursuant to legal process occurs "when, for example, [the plaintiff] is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 384; *see also Traore v. Police Officer*

7

*Andrew Ali Shield*, No. 14-cv-8463 (ER), 2016 WL 316856, at *6 (S.D.N.Y. Jan. 26, 2016) ("[T]he statute of limitations did not begin to run on [plaintiff's] claims for false arrest and false imprisonment until the following day . . . when he was arraigned on charges."). Because Rivera was arraigned on July 12, 2012 and filed his false arrest claim on December 8, 2016, Defendants argue that Rivera's claim is untimely and should be dismissed with prejudice. *See* ECF No. 39 at 5. For his part, Rivera contends that his false arrest claim accrued in December 2013 when the prosecutor added the misdemeanor charge against him, not when he was arraigned on July 12, 2012. However, *Wallace* makes clear that Rivera's claim accrued on July 12, 2015—the date that he was arraigned. 549 U.S. at 384. Because Rivera filed his false arrest claim on December 8, 2016, he failed to assert this claim before the statute of limitations expired. Accordingly, Rivera's false arrest claim fails.

However, even assuming—favorably to Rivera—that the statute of limitations for his false arrest claim had not expired, his claim fails as a matter of law because he was convicted of criminal possession of a controlled substance in the seventh degree. Am. Compl. ¶ 13. A conviction establishes that probable cause existed for the underlying arrest. *See Cameron v. Fogarty*, 806 F.2d 380, 387-88 (2d Cir. 1986); *see also Corsini v. Brodsky*, 731 Fed. App'x. 15, 18 (2d Cir. 2018) ("[C]onviction of one charge stemming from [the] incident necessarily establishes probable cause for . . . that arrest."). Furthermore, "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" *Weyant*, 101 F.3d at 852 (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)); *see also Quiles v. City of New York*, No. 01 CIV. 10934 (LTS) (THK), 2003 WL 21961008, at *6 n. 8 (S.D.N.Y. Aug. 13, 2003). Rivera's conviction for criminal possession of a controlled substance in the seventh degree establishes that probable cause existed for his underlying arrest. Because probable cause provides a complete defense to a claim for false arrest, Rivera's false arrest claim fails.

8

### C. Rivera is Not Entitled to Equitable Tolling

"Under the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003). "Equitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." *Kassman v. KPMG LLP*, No. 11 CIV. 03743 LGS, 2015 WL 5178400, at *3 (S.D.N.Y. Sept. 4, 2015) (quoting *Lavorski v. I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000). Further, equitable tolling is discretionary, and a court may invoke it when exceptional circumstances prevented the plaintiff from timely filing his complaint. *See Beals v. Farrell*, No. 07 CIV 4540 (PAC) (RLE), 2009 WL 2474049, at *3 (S.D.N.Y. Aug. 12, 2009) (internal quotation marks and citation omitted). "[T]he party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)). The plaintiff bears the burden of demonstrating that he is entitled to equitable tolling. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). *Pro se* filings, although held to more lenient standards, are not excused from establishing these elements. *See, e.g.*, *Valverde v. Stinson,* 224 F.3d 129 (2d Cir. 2000).

Considering the issue *sua sponte* in order to advance Rivera's strongest arguments, the Court finds nothing in the record to warrant the equitable tolling of the statute of limitations. Here, even when construed liberally and in the light most favorable to Rivera, the record does not reflect that he has been diligently pursuing his rights or that any extraordinary circumstances caused him to assert his claims after the applicable statute of limitations expired. *See Miles v. City of New York*, No. 14-CV-9302 (VSB), 2018 WL 3708657, at *10 (S.D.N.Y. Aug. 3, 2018) (assessing record to determine whether basis existed to equitably toll the statute of limitations for *pro se* plaintiff's claims where he did not assert equitable tolling in his complaint and declining to apply equitable tolling after finding no basis for it in the record); *Petty v. City of New York*, No. 10 CIV. 8581 KPF, 2014 WL 6674446, at

9

*12 (S.D.N.Y. Nov. 25, 2014) (same); *Wilson v. Tribeca Grand Hotel*, No. 12 CIV. 8499 JMF, 2013 WL 5966895, at *2 (S.D.N.Y. Nov. 8, 2013) (same). Because Rivera is not entitled to the equitable tolling of the statute of limitations for his excessive force, unlawful search, and false arrest claims, these claims must be dismissed. *See Jacobsen v. New York City Health & Hosps. Corp.*, No. 12 CIV. 7460 JPO, 2013 WL 4565037, at *6 (S.D.N.Y. Aug. 28, 2013) (dismissing *pro se* plaintiff's § 1983 claim where he filed his claim after the expiration of the statute of limitations and the circumstances did not warrant equitable tolling); *see also Fonvil v. Cty. of Rockland*, No. 17 CV 2957 VB, 2018 WL 357309, at *4 (S.D.N.Y. Jan. 9, 2018) (same).

### D. Rivera's *Heck v. Humphrey* Argument is Unavailing

In response to the Defendants' argument that his excessive force, unlawful search, and false arrest claims are untimely, Rivera invokes a line of cases stemming from *Heck v. Humphrey*, 512 U.S. 477 (1994).[4] *See* ECF No. 49 at 4. Rivera argues that the statute of limitations for his claims has not expired because they accrued "thee years from the time [that his] trial was over in December 2013." *Id.* Rivera's argument misses the mark. Under *Heck*, only § 1983 claims which, if successful, would impugn the validity of an existing conviction accrue at a later date, specifically, when the conviction is set aside. *See Heck*, 512 U.S. at 486-87; *see also Bailey v. City of New York*, 79 F. Supp. 3d 424, 447 (E.D.N.Y. 2015) ("If success on a section 1983 claim would impugn the validity of an existing conviction, the accrual date is delayed until the conviction is set aside.").

Rivera's argument that the statute of limitations for his excessive force, unlawful search, and false arrest claims has not expired hinges on the premise that their accrual was delayed until the conclusion of his trial because these claims, if successful, would impugn the validity of his existing

---

[4] *Heck* may bar Rivera's unlawful search and false arrest claims. However, in light of the concurrence in *Teichmann v. New York*, the Court does not reach that issue here. 769 F.3d 821, 828 (2d Cir. 2014) (Calabresi, J., concurring) (instructing district courts, where possible, to decide motions to dismiss claims brought under § 1983 without reaching issues related to *Heck*).

10

conviction. However, a finding that Valerio used excessive force when arresting Rivera would not impugn the validity of Rivera's conviction for criminal possession of a controlled substance in the seventh degree. It is well established that an excessive force claim does not usually bear the requisite relationship to the underlying offense to trigger *Heck*. *See Jackson v. Suffolk County Homicide Bureau*, 135 F.3d 254, 257 (2d Cir. 1998); *see also Bourdon v. Vacco*, 213 F.3d 625 (2d Cir. 2000) (finding that *Heck* did not bar excessive force claims stemming from police officers' search); *Fleming v. City of New York*, No. 10. Civ. 3345 (AT)(RLE), 2014 WL 6769618, at *4 (S.D.N.Y. Nov. 26, 2014); *Greenfield v. Tomaine*, No. 09-CV-8102, 2011 WL 2714221, at *7 (S.D.N.Y. May 10, 2011). Because Rivera's excessive force claim would not impugn the validity of his underlying conviction, *Heck*'s delayed-accrual rule does not apply and Rivera's argument fails.

Rivera's argument fares no better with respect to his unlawful arrest claim. In *Wallace*, petitioner contended that an allegedly false imprisonment, "set the wheels in motion for his subsequent conviction and detention." *Wallace*, 548 U.S. at 391. Invoking *Heck*, petitioner argued, therefore, that his false imprisonment claim did not accrue until he was released from custody. *Id.* The *Wallace* Court rejected this argument and held that the statute of limitations for a false imprisonment claim begins to run when a defendant is bound over for trial. *Id.* at 393. Even though a false imprisonment claim might impugn a future conviction, the *Wallace* Court held that *Heck* did not delay its date of accrual. *Id.* Here, *Wallace* squarely bars Rivera's argument that *Heck*'s delayed-accrual rule tolled the statute of limitations for his false arrest claim. As explained above, Rivera was arraigned on July 12, 2015. ECF No. 49 at 5. Under *Wallace*, his false arrest claim accrued on that date.

Rivera's argument also fails with respect to his unlawful search claim. Even assuming that Rivera's unlawful search claim would impugn the validity of his conviction, the claim does not trigger *Heck*'s delayed-accrual rule. In order for claims subject to *Heck*'s delayed-accrual rule to

11

accrue at all, the plaintiff must "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." *Heck*, 512 U.S. at 486-87. Here, Rivera has not demonstrated that either his conviction or sentence has been invalidated in one of the ways articulated in *Heck*. Accordingly, Rivera's argument that his unlawful search claim is timely under *Heck* fails.

The statute of limitations has expired on Rivera's excessive force, false arrest, and unlawful search claims. Further, as explained above, the record provides the Court with no basis to conclude that Rivera is entitled to equitable tolling with respect to these claims. Accordingly, Rivera's excessive force, false arrest, and unlawful search claims are dismissed with prejudice. *See, e.g.*, *Abdal-Rahim v. New York City Transit Auth.*, No. 15-CV-7036 (CM), 2017 WL 6387796, at *2 (S.D.N.Y. Oct. 20, 2017) ("Because the statute of limitations has run, dismissal must be with prejudice."); *see also V.E.C. Corp. of Delaware v. Hilliard*, No. 10-cv-2542 VB, 2011 WL 7101236, at *10 (dismissing claim that was barred by statute of limitations with prejudice).

### E. Rivera Fails to Allege a Claim for Malicious Prosecution

"To sustain a § 1983 claim of malicious prosecution, a plaintiff must demonstrate conduct by the defendant that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). To state a claim for malicious prosecution, "a plaintiff must plead (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Cunningham v. City of New York*, No. 17-CV-5124 (DLC), 2018 WL 4168964, at *4 (S.D.N.Y. Aug. 30, 2018) (quoting *Dufort v. City of New York*, 874 F.3d 338, 350 (2d Cir. 2017)). "Favorable termination is not so much an element of a malicious prosecution claim as it is a prerequisite to commencement

of the action." *Wims v. New York City Police Dep't*, No. 10 CIV. 6128 PKC, 2011 WL 2946369, at *3 (S.D.N.Y. July 20, 2011) (quoting *Janetka v. Dabe*, 892 F.2d 187, 189 (2d Cir. 1989)).

Here, Rivera was convicted of criminal possession of a controlled substance in the seventh degree. Am. Compl. ¶ 12. That Rivera was originally charged with and acquitted of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree is immaterial because he was ultimately convicted of a lesser offense. The Second Circuit has held that a plaintiff must demonstrate that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence to satisfy the favorable termination requirement. *See Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018). Therefore, Rivera's conviction bars him from satisfying the favorable termination requirement. Because Rivera cannot satisfy all elements of a malicious prosecution claim, his claim fails and must be dismissed. *See, e.g.*, *Smith v. City of New York*, No. 12 CIV. 4891 KPF, 2013 WL 5942224, at *4 (S.D.N.Y. Nov. 6, 2013) (dismissing plaintiff's malicious prosecution claim because the prosecution did not terminate in his favor); *Wims*, 2011 WL 2946369, at *4 (S.D.N.Y. July 20, 2011) ("Based on plaintiff's conviction and failure to show a favorable termination, defendants' motion to dismiss plaintiff's claim for malicious prosecution is granted.").

### F. Rivera Fails to Plausibly Allege a Claim for Denial of a Fair Trial

When read liberally, as the Court must, Rivera's complaint can be construed to allege that Valerio denied him of his constitutional right to a fair trial by fabricating statements to the district attorney and grand jury. *See* ECF No. 2 at ¶¶ 10, 13, 22. "When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *see also Morse v. Fusto*, 804 F.3d 538, 548 (2d Cir. 2015). "A plaintiff need not have proceeded to a full trial on the merits in order to have an actionable section 1983 claim based

13

on the denial of a fair trial." *Marom v. City of New York*, No. 15-CV-2017 (PKC), 2016 WL 916424, at *9 (S.D.N.Y. Mar. 7, 2016) (citing *Ricciuti*, 124 F.3d at 127).

Rivera's complaint offers scant details regarding Valerio's allegedly fabricated statements. Specifically, Rivera references the allegedly fabricated statements on two occasions in his initial complaint. *See* ECF No. 2 at ¶ 10 ("And was held for 18 months in . . . Riker's Island . . . [b]ecause the police office [sic] . . .lie[d] to the grand jury and the D.A. . . . ."); *Id.* at ¶ 13 ("I did 10 months over my time because the office [sic] lie[d] to the grand jury and the D.A. didn't listen to me for 18 months."). In his Amended Complaint, the operative complaint, Rivera mentions the allegedly fabricated statements three times. *See* Am. Compl. at ¶ 13 ("So I did 10 months over my time because the office [sic] lie[d] to the Grand Jury and the D.A. didn't listen to me."); *Id.* at ¶ 14 ("I should have done only 8 months, which put me over 10 months because of falls [sic] statements to the Grand Jury by this office."); *Id.* at ¶ 22 ("Defendant[] subjected plaintiff to these deprivations by . . . fabricating his statements and arresting plaintiff without probable cause.").

A claim asserting deprivation of a right to a fair trial cannot survive a motion to dismiss based only on broad and conclusory allegations that the officers created false narratives. *Marom*, 2016 WL 916424, at *9 (citing *Abdul-Rahman v. City of New York*, 10 cv 2778 (ILG), 2012 WL 1077762, at *12 (E.D.N.Y. Mar. 30, 2012)). Rivera's cursory pleading is not sufficient to plausibly allege a claim for denial of his right to a fair trial. *See, e.g.*, *Hutchins v. Solomon*, No. 16-CV-10029 (KMK), 2018 WL 4757970, at *16 (S.D.N.Y. Sept. 29, 2018) ("Conclusory statements that officers fabricated evidence do not suffice to state a claim for the denial of a fair trial."); *Longo v. Ortiz*, No. 15-CV-7716, 2016 WL 5376212, at *6 (S.D.N.Y. Sept. 26, 2016) (holding that the plaintiff failed to state denial of fair trial claim where he alleged "he was denied the right to a fair trial . . . when the defendants fabricated evidence, gave false testimony, and made false extrajudicial statements . . . to be used against [the plaintiff] at trial . . . ."); *Marom*, 2016 WL 916424, at *9 (explaining that plaintiff

14

did not plausibly allege a deprivation of fair trial claim because he failed to assert how, in what way, or to what effect, the defendants specifically falsified information). Rivera's allegations are conclusory and fail to limn any specifics with respect to Valerio's allegedly fabricated statements. Because Rivera fails to plausibly plead that Defendants denied him of his constitutionally guaranteed right to a fair trial, his claim fails and must be dismissed.

### G. Rivera's Municipal Liability Claim Fails

Rivera asserts a municipal liability claim against the City because, he alleges, it "pursued a policy and custom of deliberate indifference . . . in its procedures for supervising and removing . . . unstable and violent police officers from their duties." Am. Compl. at ¶ 17. Under § 1983, municipalities are not vicariously liable for their employees' actions. *Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011). To establish municipal liability, a plaintiff must demonstrate three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir. 1983). Furthermore, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). A single incident is "not sufficient to impose liability . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24; *see also Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir.1996) (municipal liability cannot be "predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *West v. City of New York*, No. 13 CIV. 5155 PAE, 2014 WL 4290813, at *7 (S.D.N.Y. Aug. 28, 2014).

Here, Rivera's municipal liability claim, as pled, fails for two independent reasons. First, municipal liability requires that an individual municipal agent committed an underlying constitutional deprivation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Because the Court has found each of Rivera's § 1983 claims unavailing, it cannot identify an independent constitutional violation to support Rivera's municipal liability claim. *See Ferguson v. Cai*, No. 11-civ-6181, 2012 WL 2865474, at *6 (S.D.N.Y. 2012) ("Because the Court has concluded that Ferguson's constitutional rights have not been violated, his claim of municipal liability pursuant to *Monell* is, a fortiori, also meritless.").

Second, Rivera's cursory allegations do not satisfy the *Iqbal/Twombly* pleading standard. Rivera's claims that the City "pursued a policy of deliberate indifference" and that it "knew or should have known [about] the perpetration of unlawful acts" are unaccompanied by factual allegations. Am. Comp. at ¶¶ 17-19. Rivera's municipal liability claim, therefore, is plainly insufficient to meet the Iqbal/Twombly pleading standard. Accordingly, Rivera's municipal liability claim fails as pled and must be dismissed. *See, e.g.*, *Muhammad v. Cohen*, No. 13-CV-1422 KBF, 2015 WL 1973330, at *12 (S.D.N.Y. May 1, 2015) (dismissing plaintiff's municipal liability claim for failing to satisfy the pleading standard because Plaintiff did not plead sufficient factual allegations); *Pugh v. Orange Cty. Corr. Facility*, No. 14 CV 4854 (VB), 2016 WL 831968, at *7 (S.D.N.Y. Feb. 29, 2016) (same).

### H. Leave to Amend

The Second Circuit has held that a district court "should not dismiss [a pro se litigant's complaint] without granting leave to amend at least once . . . unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez* v. *USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). "Although district judges should, as a general matter, liberally permit *pro se* litigants to amend their pleadings, leave to

amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

The Court declines to grant Rivera leave to amend his excessive force and unlawful search claims because, as explained, the statute of limitations for these claims has expired. As a result, amendment with respect to these claims would be futile. *See, e.g.*, *Kotler v. Charming Shoppes, Inc.*, No. 11-cv-3296 (SAS), 2012 WL 291512, at *3 (S.D.N.Y. Jan. 31, 2012) ("Here, leave to replead would be futile because [plaintiff's] claims are time barred and an amended complaint would be unable to cure that deficiency."). Further, because probable cause existed for his arrest, Rivera is unable to assert a cognizable false arrest claim. *Weyant*, 101 F.3d at 852. Accordingly, the Court denies Rivera leave to amend his false arrest claim. *See, e.g.*, *Vassallo v. City of New York*, No. 15 CIV 7125 (KPF), 2016 WL 6902478, at *16 (S.D.N.Y. Nov. 22, 2016) (finding that any effort to replead would be futile and, therefore, denying plaintiff leave to replead where he failed to demonstrate an element of the asserted claim); *In re Initial Public Offering Securities Litigation*, 241 F. Supp. 3d 281, 397-98 (S.D.N.Y. 2003) (Denying leave to replead where plaintiffs failed to state a claim as a matter of law). Because Rivera's conviction prevents him from pleading a cognizable malicious prosecution claim, he is also denied leave to amend with respect to this claim. *See Bradley v. Nolan*, No. 03 CV 1616 (GBD), 2007 WL 959160, at *2 (S.D.N.Y. Mar. 30, 2007) (finding leave to amend futile where pleadings failed to allege a cognizable claim for malicious prosecution). Rivera's claims asserting municipal liability and alleging that Valerio denied him of his right to a fair trial are dismissed without prejudice. He is granted leave to amend only with respect to these claims and only to cure the deficiencies identified in this order.

## V. CONCLUSION

For the foregoing reasons, Rivera's excessive force, unlawful search, false arrest, and malicious prosecution claims are dismissed against Defendants with prejudice and without leave to

amend. Rivera's denial of fair trial and municipal liability claims are dismissed against Defendants without prejudice. Rivera is granted leave to amend with respect to his denial of fair trial and municipal liability claims within thirty days from the date of this order.

SO ORDERED.

Dated: January 17, 2019
      New York, New York

_____
GREGORY H. WOODS
United States District Judge